UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

JEFFREY PITRE, SR. and AWENHA PITRE,
Individually and on behalf of their children
DP, SK, DP, SP, EP and JP,

                    Plaintiffs,

   -v-                                                      5:14-CV-293

LORRIE A. SHENANDOAH; JAMES
DOOLEY; ONONDAGA SOCIAL SERVICES
DEPARTMENT; OSWEGO SOCIAL
SERVICES DEPARTMENT; and
ONONDAGA NATION,

                    Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

APPEARANCES:                                OF COUNSEL:

OFFICE OF LISA H. BLITMAN             LISA H. BLITMAN, ESQ.
Attorneys for Plaintiffs
225 Broadway, Suite 1203
New York, NY 10007

GORDON J. CUFFY                         KAREN ANN BLESKOSKI, ESQ.
Onondaga County Attorney               Deputy County Attorney
Attorneys for Defendant Onondaga Social
    Services Department
John H. Mulroy Civic Center
421 Montgomery Street, 10th Floor
Syracuse, NY 13202

THE LAW FIRM OF FRANK W. MILLER     FRANK W. MILLER, ESQ.
Attorneys for Defendant Oswego Social      WILLIAM J. HATHAWAY, ESQ.
    Services Department
6575 Kirkville Road
East Syracuse, NY 13057

OFFICE OF JOSEPH J. HEATH            JOSEPH J. HEATH, ESQ.
Attorneys for Defendants Onondaga Nation
   and Shenandoah[1]
716 East Washington Street, Suite 104
Syracuse, NY 13202

DAVID N. HURD
United States District Judge

## MEMORANDUM–DECISION and ORDER

## I. INTRODUCTION

On March 18, 2014, plaintiffs Jeffrey and Awenha Pitre ("Jeffrey" and "Awenha"), proceeding *pro se*, initiated this action on their own behalf and on behalf of their six minor children, "D.P.," "S.K.," "D.P.," "S.P.," "E.P.," and "J.P."[2] This action stems from the June 2012 removal of the minor children by defendants Oswego Social Services Department ("Oswego SSD") and Onondaga Social Services Department ("Onondaga SSD"), the later transfer of custody proceedings to defendant Onondaga Nation, and the placement of the children with defendants Lorrie A. Shenandoah ("Shenandoah") and James Dooley ("Dooley").[3]

Although they do not delineate any specific causes of action, plaintiffs appear to

---

[1] In his motion papers, attorney Joseph J. Heath indicates that he represents both the Onondaga Nation and Lorrie A. Shenandoah. However, attorney Heath has not filed a formal Notice of Appearance.

[2] In their complaint, plaintiffs indicated that they were proceeding *pro se* but noted that "[a] lawyer helped them prepare this complaint." Compl. ¶ 5. On the same day they filed the complaint, plaintiffs filed a motion to appoint attorney Lisa H. Blitman as their counsel. This motion was denied as premature. Nonetheless, attorney Blitman filed and served plaintiffs' opposition to the Onondaga Nation's motion to dismiss. This response included a renewed request for the appointment of attorney Blitman as counsel. Attorney Blitman has since filed an appearance as plaintiffs' counsel on a *pro bono* basis. Thus, any remaining request to appoint counsel is denied as moot.

[3] Dooley was not served with a copy of the summons and complaint in this action, and no motion or appearance has been filed on his behalf.

assert a federal substantive due process claim, brought pursuant to 42 U.S.C. § 1983, alleging that defendants "wrongfully hold custody of the Children in violation of the Mother and the Father's state and federal constitutional rights and in violation of New York State law." Compl. ¶ 15. Plaintiffs seek compensatory and punitive damages as well as declaratory and injunctive relief, including an order directing the immediate return of the children to their care and custody.

On July 22, 2014, the Onondaga Nation and Shenandoah filed a motion to dismiss the complaint. Onondaga SSD and Oswego SSD have each filed a motion to dismiss as well. Plaintiffs oppose all three motions and have filed a cross-motion seeking leave to file an amended complaint.[4] The motions are all fully-briefed and were considered on submit, without oral argument.

## II. **FACTUAL BACKGROUND**

The following facts, taken from the complaint and documents incorporated by reference therein, are assumed true for purposes of the motions to dismiss. See Chambers v. Time Warner, Inc., 282 F.3d 147, 152 (2d Cir. 2002).

Jeffrey and Awenha were married in June 1998 and reside in Phoenix, New York. They have six biological children together. Jeffrey is not a Native American. Awenha is a Native American but left the Onondaga Nation reservation at age sixteen and has not been a part of that tribe since. The children are part-Native American but are not part of the Onondaga Nation or any other recognized tribe. The family residence is not on Indian land.

---

[4] In their opposition, plaintiffs also requested that this motion be made returnable in Syracuse, New York, instead of Utica. This request is denied as moot as the motions were considered on submit, with no appearances required.

The Pitre family became the subject of a child abuse/neglect investigation on June 25, 2012, when one of the minor daughters alleged that Jeffrey and Awenha sexually abused her. As a result, Jeffrey and Awenha—who was seven-months pregnant at the time—were arrested, criminally charged, and jailed. The children were removed from Jeffrey and Awenha's custody by Oswego SSD. Four of the children—D.P., S.K., D.P., and S.P.—were placed with Shenandoah, Awenha's aunt. E.P. was placed with Dooley, the husband of Awenha's sister.[5] Shenandoah and Dooley are Onondaga Nation foster parents. Onondaga SSD helped facilitate these placements. Oswego SSD commenced a child abuse/neglect proceeding in Oswego County Family Court on July 10, 2012.

The allegedly victimized daughter subsequently recanted her allegations of sexual abuse. The criminal charges against both parents were dismissed in January 2013. The child abuse/neglect case with Oswego SSD was similarly closed on January 25, 2013. The Oswego County Family Court issued an order on February 6, 2013, terminating the placement of the children as the proceedings were transferred to the jurisdiction of the Onondaga Nation. See Heath Affirmation, Ex. A, ECF No. 12-4.

In 2013, Dooley and Shenandoah initiated separate "family-offense" proceedings seeking orders of protection against Jeffrey and Awenha in Onondaga County Family Court. The Family Court dismissed Dooley's action on June 11, 2013, and Shenandoah withdrew her proceeding on December 11, 2013. In August 2013, Jeffrey filed a petition for custody of the children in Onondaga County Family Court. In March 2014, the Onondaga Nation filed a motion to dismiss Jeffrey's petition. The parties report that the Onondaga County Family

---

[5] This accounts for five of the six children. The current custody arrangement of J.P. is unclear.

Court granted the Nation's motion to dismiss on August 11, 2014. The Family Court noted that it lacked jurisdiction over the child custody proceeding.

D.P., S.K., D.P., and S.P. currently reside with Shenandoah. E.P. currently resides with Dooley. Custody of the children was formally transferred to the foster parents through proceedings before the Onondaga Nation and pursuant to ICWA. Plaintiffs dispute the applicability of ICWA. They allege that there is no valid court order or other legal justification permitting the continued placement of the children outside of their custody.

## III. **DISCUSSION**

There are three separate motions to dismiss pending. Plaintiffs oppose the motions and request leave to file an amended complaint. Specifically, they seek to add a cause of action pursuant to the Indian Civil Rights Act of 1968. However, plaintiffs' request to file an amended pleading is not accompanied by a proposed amended complaint, as required by Local Rule 7.1(a)(4). Therefore, it is impossible to evaluate the sufficiency of said proposed amended complaint, and plaintiffs' cross-motion for leave to file an amended complaint will therefore be denied.

The Onondaga Nation and Shenandoah put forth two primary arguments in support of their motion to dismiss for lack of subject matter jurisdiction: (1) the Nation has exclusive jurisdiction over the custody of the children, pursuant to ICWA; and (2) any review of the orders of the Onondaga County and Oswego County Family Courts, which transferred the proceedings to the Onondaga Nation for lack of jurisdiction, is barred by the Rooker–

Feldman doctrine. Onondaga SSD and Oswego SSD have adopted these arguments.[6]

When considering a motion to dismiss for lack of subject matter jurisdiction pursuant to Rule 12(b)(1), the complaint is to be construed liberally and all factual allegations must be accepted as true. Ford v. D.C. 37 Union Local 1549, 579 F.3d 187, 188 (2d Cir. 2009) (per curiam). A district court may consider evidence outside the pleadings and properly dismisses a case for lack of subject matter jurisdiction where it "lacks the statutory or constitutional power to adjudicate it." Makarova v. United States, 201 F.3d 110, 113 (2d Cir. 2000). The plaintiffs bear the burden to prove the existence of subject matter jurisdiction by a preponderance of the evidence. Id. If subject matter jurisdiction is lacking, the action must be dismissed in its entirety. FED. R. CIV. P. 12(h)(3).

### A. The Indian Child Welfare Act

Defendants maintain that ICWA provides the Onondaga Nation with exclusive jurisdiction over the issue of the children's custody and, therefore, this federal court lacks subject matter jurisdiction. Plaintiffs argue that ICWA does not grant the Onondaga Nation such jurisdiction because Jeffrey is not a Native American, the family did not reside on reservation land at the time of the children's removal, and the parents did not consent to the transfer of custody.

> ICWA provides:
>
> An Indian tribe shall have jurisdiction exclusive as to any State over any child custody proceeding involving an Indian child who resides or is domiciled within the reservation of such tribe, except where such jurisdiction is otherwise vested in the State by existing Federal law. Where an Indian child is a ward of a tribal court, the Indian tribe shall retain exclusive jurisdiction,

---

[6] As the motions will be resolved on these two grounds, it is unnecessary to reach the defendants' remaining legal arguments in support of dismissal.

notwithstanding the residence or domicile of the child.

25 U.S.C. § 1911(a). Moreover, in the absence of good cause or objection by either parent, ICWA mandates the transfer of "any State court proceeding for the foster care placement of . . . an Indian child not domiciled or residing within the reservation of the Indian child's tribe" to the jurisdiction of said tribe. Id. § 1911(b).[7]

The clear language of ICWA supports defendants' position. The Onondaga County and Oswego County Family Courts properly transferred the proceeding for foster care placement of the Pitre children, who were not living on the reservation at the time, to the tribal court of the Onondaga Nation. There is no indication that the parents—who were each reportedly represented by counsel at the time—objected to said transfer or filed an appeal thereafter. Nor have the plaintiffs identified any "good cause" to prevent such a transfer.

Therefore, as the Onondaga County and Oswego County Family Courts determined, ICWA provides the Onondaga Nation with exclusive jurisdiction over the custody proceeding that plaintiffs seek to revive and attack in this action.

### B. The Rooker–Feldman Doctrine

Defendants also argue that this federal action is barred by the Rooker–Feldman doctrine. See Rooker v. Fidelity Trust Co., 263 U.S. 413 (1923); D.C. Court of Appeals v. Feldman, 460 U.S. 462 (1983). Plaintiffs do not identify any case law in opposition to this argument.

Under the Rooker–Feldman doctrine, federal district courts lack jurisdiction over suits "'brought by state-court losers complaining of injuries caused by state-court judgments

---

[7] Although plaintiffs point out that Jeffrey is not a Native American and Awenha left the Onondaga Nation at age sixteen, they do not dispute that the children are "Indian children" within the meaning of ICWA.

rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments.'" Hoblock v. Albany Cnty. Bd. of Elections, 422 F.3d 77, 85 (2d Cir. 2005) (quoting Exxon Mobil Corp. v. Saudi Basic Indus. Corp., 544 U.S. 280, 284 (2005)).

Plaintiffs complaint is an attempt to review, revive, and reject the orders of the Onondaga County and Oswego County Family Courts. Those courts initially granted Onondaga SSD and Oswego SSD authority to remove the children from plaintiffs' custody and later transferred jurisdiction of the custody matters to the Onondaga Nation pursuant to ICWA. In this federal action, plaintiffs seek the immediate return of the children to their custody and dispute the authority of the Onondaga Nation to handle the ongoing custody matters. They specifically allege that defendants "wrongfully hold custody of the Children in violation of the Mother and the Father's state and federal constitutional rights and in violation of New York State law." Compl. ¶ 15. Such issues are inextricably intertwined with the state courts' judgments.[8]

In short, plaintiffs' claims and requested relief are barred by the Rooker–Feldman doctrine.[9]

---

[8] Notably, plaintiffs do not allege procedural defects in the state court proceedings. They simply allege that the state courts wrongly found ICWA applicable and improperly transferred jurisdiction to the Onondaga Nation. Such distinguishes this action from cases that found the Rooker–Feldman doctrine inapplicable to ICWA claims. See, e.g., Oglala Sioux Tribe v. Van Hunnik, 993 F. Supp. 2d 1017, 1026–27 (D.S.D. 2014) (finding Rooker–Feldman inapplicable because "plaintiffs are not seeking review of the state court judgments in their cases or asking this court to review the merits of those cases. Rather, plaintiffs are requesting the court review the alleged inadequacies of the procedures employed during 48-hour hearings").

[9] Even if the Rooker–Feldman doctrine did not apply, plaintiffs' claims seeking the immediate return of the children are arguably barred by the "domestic relations exception." See Benton v. Sanchez, No. 12-CV-4840, 2012 WL 5334026, at *2 (E.D.N.Y. Oct. 24, 2012) (deference to state law and courts in the area of domestic relations is such that the United States Supreme Court has "recognized a 'domestic relations exception' that 'divests the federal courts of power to issue divorce, alimony, and child custody decrees'" (quoting Elk Grove Unified Sch. Dist. v. Newdow, 542 U.S. 1, 12 (2004)).

## IV. **CONCLUSION**

Pursuant to ICWA, the Onondaga Nation has exclusive jurisdiction over the custody proceedings that form the basis of plaintiffs' complaint. The Onondaga County and Oswego County Family Courts properly transferred jurisdiction of the custody proceedings to the Onondaga Nation pursuant to 25 U.S.C. § 1911(b). Plaintiffs did not object to the transfer at that time, identify good cause to prevent the transfer, or appeal the state court orders thereafter. Further, review of the state court proceedings is barred by the Rooker–Feldman doctrine.

Therefore, it is

ORDERED that

1. Defendants Onondaga Nation and Lorrie A. Shenandoah's motion to dismiss is GRANTED;

2. Defendant Onondaga Social Services Department's motion to dismiss is GRANTED;

3. Defendant Oswego Social Services Department's motion to dismiss is GRANTED;

4. Plaintiffs' cross-motion for leave to file an amended complaint is DENIED; and

5. The complaint is DISMISSED in its entirety.

IT IS SO ORDERED.

The Clerk of the Court is directed to enter judgment accordingly and close the file.

Dated: February 17, 2015
Utica, New York.

United States District Judge